UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| PAM BELL, | ) |
|       Plaintiffs, | )    3:22-CV-00276-DCLC-DCP |
| v. | ) |
| DIVERSIFIED REAL ESTATE FUND, III, LLC, | ) |
|       Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On August 12, 2022, Plaintiff filed her complaint against Defendant, alleging that Defendant's business failed to comply with the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and its regulations. This is one of several lawsuits Plaintiff has filed in this district, as she describes herself as a "tester" for the purpose of enforcing the ADA. When Plaintiff failed to return the summons for her initial complaint, the Court entered a SHOW CAUSE ORDER [Doc. 11], directing Plaintiff to show cause as to why the case should not be dismissed for failure to serve Defendant within the time allotted under Fed. R. Civ. P. 4(m). On March 17, 2022, Plaintiff responded to the show cause order [Doc. 13]. Then, on March 27, 2023, Plaintiff filed an Amended Complaint [Doc. 14]. The Court issued a summons for the Amended Complaint on August 1, 2023 [Doc. 15]. That summons was returned executed on August 13, 2023. When the time to answer came and went, the Court entered a SHOW CAUSE ORDER (No. 2) as to why Plaintiff had not sought the clerk's entry of default for Defendant's failure to file a responsive pleading [Doc. 17]. Plaintiff responded to that order, indicating that she was awaiting a response from Defendant, but if no response was received by October 13, 2023, she would seek default

1

judgment [Doc. 18]. By November 2, 2023, Plaintiff had taken no action and Defendant had not filed any responsive pleading. So the Court, once again, entered a SHOW CAUSE ORDER (No. 3), as to why Plaintiff had not sought default judgment [Doc. 19]. On November 10, 2023, Plaintiff responded to the third show cause order, representing to the Court that she would "provide an update to the Court no later than Thursday, November 16, 2023." [Doc. 20, pg. 2]. That was the last filing in the docket. Plaintiff failed to provide the Court with an update.

"Rule 41 … confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)). The Court's inherent authority to dismiss a plaintiff's action for failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc*., 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co*., 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll*, 176 F.3d at 363 (citation omitted) (internal quotations omitted).

The Sixth Circuit directs district courts to consider four factors in determining whether a case should be dismissed for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

2

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2001)). "The first factor—whether the party's failure is due to willfulness, bad faith, or fault—requires 'a clear record of delay or contumacious conduct.'" *Id.* (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). In this case, Plaintiff has done nothing since she promised to update the Court by November 16, 2023 – almost a year ago. Moreover, she has displayed a clear record of delay. The Court entered three show cause orders to get the case moving – none of them worked. There is no indication of any prejudice against Defendant here because Defendant has not entered an appearance. The third factor considers whether the Court warned that dismissal was an option. In all three show cause orders, the Court did just that. The fourth factor requires the Court to consider whether lesser sanctions should be considered. Here, the Court considered entering a fourth show cause order. But Plaintiff has had ample opportunity to prosecute this case. When she failed to prosecute it, the Court permitted her additional time. And, she represented that she would notify the Court by November 16, 2023, but did nothing. Three of the four factors favor dismissal with prejudice.

Accordingly, the Court dismisses this case with prejudice for failure to prosecute.

A separate judgment shall enter.

**SO ORDERED**:

s/Clifton L. Corker  
United States District Judge